**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara McConnell,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Breg, Inc., a California Corporation; and I-Flow Corporation, a Delaware Corporation,<br><br>　　　　Defendants. | No. CV-10-01588-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 141). Plaintiff seeks to amend her complaint to (1) add a prayer for punitive damages; (2) remove the civil conspiracy cause of action; and (3) strike references in the complaint to DJO, Inc. and DJO, LLC, former defendants to this action. Defendant I-Flow corporation has not opposed the motion. Defendant Breg, Inc. (hereinafter "Breg"), does not oppose amendment to remove the civil conspiracy cause of action or references to the former parties, but it does oppose amendment to add a prayer for punitive damages.

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to allow amendment, the Court considers whether the motion to amend is made in bad faith, for the purpose of causing undue delay, would cause prejudice to the opposing party, or would be futile. *See Griggs v. Pace Am.*

1 *Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Breg does not claim that the motion is made in bad faith, to cause undue delay, or would cause it prejudice; rather, it claims that allowing Plaintiff to amend her complaint to include a prayer for punitive damages would be futile because "there is no factual predicate to support a claim for [punitive] damages against Breg." (Doc. 146 at 3.) As support for this contention, Breg claims that Plaintiff's allegations relating to Defendants' evil mind are based on conclusory statements, and that the complaint does not allege specific acts of wrongdoing against each defendant individually.

Contrary to Breg's assertions, the Court finds that allowing amendment in these circumstances would not be futile. Plaintiff's proposed amended complaint in fact lists several specific allegations to support her claim that Defendants acted with an evil mind, including that Defendants (1) "decided to market their pain pumps for intra-articular use with the knowledge that the FDA refused . . . to clear their pain pumps for this very use[,]" (2) intentionally failed to disclose that their pain pumps were not FDA cleared for intra-articular uses; and (3) suppressed information that their pain pumps might cause chondrolysis. These allegations are specifically related to Plaintiff's claim that Defendants acted with an evil mind, in support of a prayer for punitive damages, and are accordingly more than sufficient to overcome Breg's argument that amending Plaintiff's complaint would be futile.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend Complaint (Doc. 141) is granted. Plaintiff shall file and serve its amended complaint on all parties in accordance with LRCiv. 15.1 and Fed. R. Civ. P. 5.

DATED this 23rd day of August, 2011.

_____
Neil V. Wake
United States District Judge